UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Josephine Galloway, | ) | Case No. 07-18474 |
| | ) | |
| Debtor. | ) | Hon. Susan Pierson Sonderby |
| | ) | Hearing Date: December 29, 2009 |
| | ) | Hearing Time: 10:30 AM |

**Application for Allowance and Payment of
Final Compensation of Jay A. Steinberg, as Trustee**

Jay A. Steinberg, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Josephine Galloway ("Debtor"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $7,850.00 as final compensation for services rendered as trustee in this case from October 8, 2007 through the close of this case. In support thereof, Trustee states as follows:

**Introduction**

1. Debtor commenced this case on October 8, 2007 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2. Jay A. Steinberg is the duly appointed, qualified and acting chapter 7 trustee in this case.

3. The sole asset of value to the Estate and administered by Trustee in this case was the Debtor's interest in the real property commonly known as 11356 South Throop Street, Chicago, Illinois ("Property").

4. The bar date for filing claims in this case was May 5, 2008.

**Prior Compensation**

5. This is the first and final application ("Application") for allowance of compensation filed by Trustee in this case.

6. Trustee has not previously received or been promised any payments for services rendered or to be rendered in this case except as set forth above.

## Services Rendered by Trustee

7. Since his appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

A. Trustee reviewed and analyzed the Debtor's schedules of assets and liabilities and statements of financial affairs; Trustee conducted a 341 examination of the Debtor; there did not appear to be any non-exempt or unencumbered assets available for the Trustee to liquidate and the Trustee filed a no-asset report; thereafter, the Trustee obtained information indicating that the lien on the Property was not properly perfected; accordingly, the Trustee withdrew his no-asset report, filed an asset report, established a claims bar date, and commenced efforts to liquidate the Property;

B. The Property was listed on the Debtor's Schedule A- Real Property as having a market value of $140,000.00 and a secured lien in the amount of $138,080.00; the Trustee learned that Michael Miller ("Miller") held an unrecorded lien against the Property which secured a loan to the Debtor in the original principal sum of $137,000.00; Trustee believed that Miller's security interest was avoidable pursuant to the provisions of 11 U.S.C. §544(a); nevertheless, Miller filed a secured claim in the amount of $92,000.00 and an unsecured claim in the amount of $85,789.00 for a total claim against the Estate of $177,789.00;

C. Trustee obtained real estate appraisals on the Property which indicated that the market value was $92,000.00 ("Appraisals"); subsequently, Miller offered to purchase the Estate's interest in the Property, withdraw his claim against the Estate, and pay the costs for title insurance; the Trustee and Miller agreed to calculate a net purchase price for the Property based upon the $92,000.00 value of the Property as

established by the Appraisals; the net amount paid to the Estate was calculated by calculating what creditors would receive if the Property were sold to a third party for $92,000.00 and Miller's claims were paid as a distribution from the Estate; the net amount paid to the Estate essentially provided that Trustee (a) received the full value of $92,000.00 from Miller in cash and (b) through Miller's agreement to withdraw his claim and forego a distribution from the Estate, Trustee distributed and/or turned over $71,572.87;

D.    Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

E.    Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

F.    Trustee prepared semi-annual reports required by the United States Trustee and met with representatives of the U.S. Trustee regarding the administration and status of the case;

G.    Trustee examined, analyzed and verified proofs of claim filed against the Estate; and

H.    Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

**Funds Collected and Disbursed by Trustee**

8.    Trustee has collected the sum of $92,001.21 on behalf of the Estate. Trustee has made $71,572.87 in disbursements in this case as of the date hereof. As stated above, the Trustee believes that the agreement with Miller provided the Estate with money or money's worth in the amount of $92,000.00.

9.    Copies of the *Form 1 Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate

are attached to the Trustee's Final Report, filed simultaneously herewith, as Exhibits A and B, respectively.

## Compensation Requested

10. The maximum compensation allowable to Trustee pursuant to section 326 of the Code based upon moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims, is $92,000.00 as follows:

| | |
|---|---|
| 25% of the first $5,000 | $1,250.00 |
| 10% of the next $45,000.00 | $4,500.00 |
| 5% of the next 42,000.00 | $2,100.00 |
| Total allowable compensation | $7,850.00 |

After payment of the Estate's administrative claims, Trustee anticipates that there will be sufficient funds to make a distribution to timely filed general unsecured creditors equal to approximately 25.50% of allowed claims. Trustee does not anticipate that there will be a surplus of funds to be returned to the Debtor.

11. As set forth in paragraphs 7 and 8 above and as detailed in the *Form 1 Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate (attached to the Trustee's Final Report, filed simultaneously herewith, as Exhibits A and B, respectively), Trustee believes that the compensation requested is appropriate given the facts of this case and the circumstances surrounding the sale of the Property, specifically, that the Property was turned over to Miller based upon the value as determined by the Appraisals, less a credit for Miller's withdrawal of his secured claim.

12. Based upon the caliber of the services rendered by Trustee and the results achieved in this case, Trustee requests allowance and payment of final compensation for his services rendered as trustee from the time of his appointment

through the closing of this case in the amount of $7,850.00. This amount represents reasonable compensation for the services rendered by Trustee and is within the maximum compensation allowable as set forth in paragraph 10 above.

13. An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Jay A. Steinberg, as trustee, is attached hereto as Exhibit A.

14. Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

### Status of the Case

15. The Trustee has liquidated or abandoned all of the assets belonging to this Estate and completed his review and analysis of the claims filed against the Estate.

16. Trustee has completed and filed his Final Report simultaneously herewith. Final fee applications for the Trustee's Attorneys and Trustee's Accountants have also been filed concurrently with this Application.

WHEREFORE, Jay A. Steinberg, as trustee of the Estate of Josephine Galloway requests the entry of an order providing the following:

A. Allowing to Trustee final compensation in the amount of $7,850.00 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from October 8, 2007 through the closing of this case;

B. For such other and further relief as this Court deems appropriate.

Dated: November 23, 2009         Jay A. Steinberg, as trustee of the estate of
                                 Josephine Galloway, debtor


                                 By:_____/s/_____
                                    Jay A. Steinberg, Trustee
                                    35 E. Wacker Drive
                                    Suite 1550
                                    Chicago, IL 60601-0000

Rule 2016 Affidavit

Exhibit A

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | Case No. 07-18474 |
| Josephine Galloway, | ) | Hon. Susan Pierson Sonderby |
| | ) | |
| Debtor. | ) | |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois    )
County of Cook    )

I, Jay A. Steinberg, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the Trustee's Application for Allowance of Final Compensation ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation received or to be received for services rendered in connection with this matter.

4. Further affiant sayeth naught.

_____
Jay A. Steinberg

Subscribed and Sworn to before me
on July 17, 2009

_____
Notary Public

OFFICIAL SEAL
ELIZABETH C. BERG
Notary Public  State of Illinois
My Commission Expires Jun 16, 2012

Exhibit A